IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00243-PAB-MJW

STATE RESOURCES CORP., an Iowa Corporation,

    Plaintiff,

v.

WILLIAM B. SIRIOS also known as WILLIAM BRETT SIRIOS,

    Defendant.

**ORDER FOR ENTRY OF DEFAULT JUDGMENT**

    This matter is before the Court on plaintiff's motion for entry of default judgment [Docket No. 7]. Plaintiff originally filed its complaint on February 4, 2010 [Docket No. 1] and served defendant on February 22, 2010 [Docket No. 6]. Defendant did not file a pleading or otherwise defend against this action. Accordingly, plaintiff moved for entry of default judgment and, on April 9, 2010, the clerk entered default against him pursuant to Federal Rule of Civil Procedure 55(a) [Docket No. 8].

    Upon the entry of default against a defendant, the well-pleaded allegations in the complaint are deemed admitted. *See Olcott v. Delaware Flood Co.,* 327 F.3d 1115, 1125 (10th Cir. 2003); *see also* 10A Charles Wright, Arthur Miller & Mary Kane, Federal Practice & Procedure § 2688 (3d ed. 2010). In this case, those allegations include that defendant has defaulted on a series of loans assigned to plaintiff and that plaintiff is entitled to recover the original loan amounts along with interest and fees and costs incurred in obtaining a judgment from the Court.

The defendant has not sought relief from the entry of default or otherwise attempted to participate in this litigation. Therefore, plaintiff seeks default judgment. In order to obtain a judgment by default, a party must follow the two-step process described in Federal Rule of Civil Procedure 55: first, he or she must seek an entry of default from the Clerk of the Court under Rule 55(a); second, after default has been entered by the Clerk, the party must seek default judgment according to the strictures of Rule 55(b). *Williams v. Smithson*, No. 95-7019, 1995 WL 365988 at *1 (10th Cir. June 20, 1995) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2nd Cir. 1981)); *Nasious v. Nu-Way Real Estate*, No. 07-cv-01177-REB-MEH, 2008 WL 659667, at *1 (D. Colo. Mar. 6, 2008). Failure to successfully complete the first step of obtaining an entry of default necessarily precludes the granting of default judgment in step two. *See Williams*, 1995 WL 365988, at *1; *Nasious*, 2008 WL 659667, at *1. Although plaintiff sought entry of default judgment prior to completion of the first step of the aforementioned process, default has since been entered. Therefore, the Court turns to the requirements of Rule 55(b).

The decision to enter default judgment is "'committed to the district court's sound discretion . . . .'" *Olcott v. Del. Flood Co.,* 327 F.3d 1115, 1124 (10th Cir. 2003) (quoting *Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.,* 115 F.3d 767, 771 (10th Cir. 1997)). When exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits." *Ruplinger v. Rains,* 946 F.2d 731, 732 (10th Cir.1991) (quotations marks and citations omitted). "The default judgment must normally be viewed as available only when the adversary process has been halted

because of an essentially unresponsive party." *Id.* It serves to protect a plaintiff against "interminable delay and continued uncertainty as to his rights." *Id.* at 733.

Plaintiff has persuaded the Court that it is entitled to such protection in this case. Defendant's failure to respond has thwarted the ability of the Court to resolve the matter on the merits. Under the circumstances of this case, the Court finds that a hearing on the matter, pursuant to Federal Rule of Civil Procedure 55(b)(2), is not necessary.

Therefore, it is

**ORDERED** that default judgment shall enter in favor of plaintiff States Resources Corp. and against defendant William B. Sirios as follows:

1. Judgment on First Claim for Relief - Loan No. 8020:

    a. For the unpaid indebtedness on Loan No. 8020, consisting of principal in the amount of $577,528.29 and interest in the amount of $36,528.66 through March 19, 2010;

    b. For the interest after March 19, 2010 through the date of judgment at the rate of 5.75% per annum, which is $92.24410 per diem;

    c. For interest after the date of judgment at the rate set by 28 U.S.C. § 1961; and

    d. For advances in the amount of $2,750.00 representing funds advanced by plaintiff for an appraisal, as allowed by the loan documents for Loan No. 8020.

2. Judgment on Second Claim for Relief – Loan No. 8030:

    a. For the unpaid indebtedness on Loan No. 8030, consisting of principal in the amount of $149,997.92 and interest in the amount of $14,272.71 through March 19, 2010;

    b.  For interest after March 19, 2010 through the date of judgment at the rate of 8.5% per annum, which is $35.41618 per diem; and

    c.  For interest after the date of judgment at the rate set by 28 U.S.C. § 1961.

   3.  Judgment on Third Claim for Relief – Loan No. 8090

    a.  For unpaid indebtedness on Loan No. 8090, consisting of principal in the amount of $260,000.00 and interest in the amount of $22,775.27 through March 19, 2010;

    b.  For interest after March 19, 2010 through the date of judgment at the rate of 8.5% per annum, which is $61.38889 per diem; and

    c.  For interest after the date of judgment at the rate set by 28 U.S.C. § 1961.

   4.  Judgment on Fourth Claim for Relief - Loan No. 5010

    a.  For the unpaid indebtedness on Loan No. 5010, consisting of principal in the amount of $30,000.00 and interest in the amount of $1,664.58 through March 19, 2010;

    b.  For interest after March 19, 2010 through the date of judgment at the rate of 8.5% per annum, which is $7.08333 per diem; and

    c.  For interest after the date of judgment at the rate set by 28 U.S.C. § 1961.

   5.  Judgment on Fifth Claim for Relief - Loan No. 5020

      a.  For the unpaid indebtedness on Loan No. 5020, consisting of principal in the amount of $60,000.00 and interest in the amount of $5,355.00 through March 19, 2010;

      b.  For interest after March 19, 2010 through the date of judgment at the rate of 8.5% per annum, which is $14.16667 per diem; and

      c.  For interest after the date of judgment at the rate set by 28 U.S.C. § 1961.

    6.  Judgment on Sixth Claim for Relief - Possession

Plaintiff shall have possession of the "personal property collateral" consisting of "all equipment now owned or hereafter acquired and wherever located and all crops now growing, grown or to be grown and wherever located."

It is further **ORDERED** that plaintiff's request for attorney's fees is **DENIED** for failure to comply with D.C.COLO.LCivR 54.3B.

It is further **ORDERED** that plaintiff may apply to the Clerk of the Court for an entry of a writ of execution as necessary to enforce the judgment, pursuant to Fed. R. Civ. P. 69 and Colo. R. Civ. P. 69.

DATED January 28, 2011.

                BY THE COURT:

                s/Philip A. Brimmer
                PHILIP A. BRIMMER
                United States District Judge